RECEIVED
AUG 1 1 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:16CR00194 |
| | * | 18 U.S.C. § 1343 |
| VERSUS | * | 18 U.S.C. § 981(a)(1)(C) |
| | * | |
| ELIZABETH I. ISTRE | * | JUDGE WALTER |
| a/k/a MISSY ISTRE | | |
| | | MAGISTRATE JUDGE HANNA |

## INDICTMENT

**THE GRAND JURY CHARGES:**

Counts 1 - 4
Wire Fraud
18 U.S.C. § 1343

A. **INTRODUCTION**

At all times material herein:

Beginning in 2004 and continuing through January of 2014, the defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, worked at a company called LM Daigle Oil Distributors (LMDO).

(2) LMDO is a family owned petroleum company located in Sulphur, Louisiana.

(3) The defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, was employed as the bookkeeper for LMDO.

### B. THE SCHEME AND ARTIFICE TO DEFRAUD

Beginning in 2004 and continuing through January of 2014, the defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud LMDO and to obtain money and property by means of false and fraudulent pretenses, representations and promises. The scheme and artifice to defraud is more fully described as follows:

(1) Beginning in 2004 and continuing through January of 2014, the defendant, MISSY I. ISTRE, issued fraudulent checks payable to herself and to her husband, B. W. I., which were drawn on the LMDO corporate bank account at Chase Bank.

(2) The defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, issued more than 800 fraudulent checks, totaling over $4,000,00.00.

(3) Over this ten-year period, the defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, used these fraudulent proceeds for her personal expenses.

### C. THE CHARGE

On or about the dates set forth below, in the Western District of Louisiana and elsewhere, the defendant, MISSY I. ISTRE, for the purposes of executing the scheme to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, signals and sounds described below, each transmission constituting a separate count:

| Count | Date of Wiring | Description of Wiring |
|---|---|---|
| 1 | October 28, 2011 | The defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, deposited a check in the amount of $38,368.17 into her checking account at MidSouth Bank in Sulphur, Louisiana, which was drawn on the LMDO account at Capital One Bank in Lake Charles, Louisiana, resulting in an electronic communication from the Western District of Louisiana to the Federal Reserve Bank, located in Atlanta, Georgia. |
| 2 | December 3, 2012 | The defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, deposited a check in the amount of $31,495.15 into her checking account at MidSouth Bank in Sulphur, Louisiana, which was drawn on the LMDO account at Capital One Bank in Lake Charles, Louisiana, resulting in an electronic communication from the Western District of Louisiana to the Federal Reserve Bank, located in Atlanta, Georgia. |
| 3 | October 30, 2013 | The defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, deposited a check in the amount of $28,255.17 into her checking account at MidSouth Bank in Sulphur, Louisiana, which was drawn on the LMDO account at Capital One Bank in Lake Charles, Louisiana, resulting in an electronic communication from the Western District of Louisiana to the Federal Reserve Bank, located in Atlanta, Georgia. |
| 4 | January 7, 2014 | The defendant, ELIZABETH I. ISTRE a/k/a MISSY ISTRE, deposited a check in the amount of $45,000.00 into her checking account at MidSouth Bank in Sulphur, Louisiana, which was drawn on the LMDO account at Capital One Bank in Lake Charles, Louisiana, resulting in an electronic communication from the Western District of Louisiana to the Federal Reserve Bank, located in Atlanta, Georgia. |

All in violation of Title 18, United States Code, Section 1343. [18 U.S.C. § 1343].

## Criminal Forfeiture

## 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

1. The allegations contained in Counts 1 through 4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offenses and violations of Title 18, United States Code, Section 1343, set forth in Counts 1 through 4 of this Indictment, the defendant, MISSY I. ISTRE shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

(a) Approximately 4.4 acres of land, Parcel# 01345489, Lot #12, Magnolia Ridge Subdivision, Sulphur, Louisiana

(b) 5 acres of land, Parcel# 01345496, Lot #14, Magnolia Ridge Subdivision, Sulphur, Louisiana

(c) 2013 Cadillac SRX vin number 3GYFNDE30DS527812-XJZ698

(d) 2014 Kia Sportage vin number KNDPB3AC4E7556006-XUB498

(e) 2011 Honda CR-V vin number 3CZRE3H56BG700897-VKW387

(f) 2008 Nissan Maxima vin number 1N4BA41E48C826826-VGA189

(g) 2007 Toyota Prius vin number JTDKB2OUX776012273-VGA212

  (h) 2014 Jeep Wrangler Unlimited vin number 1C4BJWEG1EL196874

  (i) Diamond/Gold Wedding Ring – 14kt, white gold, containing 1.57 carat princess cut diamond, surrounded by 24 cut diamonds, with trapezoid .5 carat diamonds, surrounded by more diamonds.

  (j) Four million, four hundred and fifty-nine thousand, one hundred and eighty-one dollars and ninety-seven cents (4,459,181.97) involved in the offenses described in Counts 1 through 4 of this indictment and all interests and proceeds traceable thereto.

3. If any of the property described above, as a result of any act or admission of the defendant:

  (a) Cannot be located upon the exercise of due diligence;

  (b) Has been transferred to or sold to, or deposited with, a third party;

  (c) Has been placed beyond the jurisdiction of the Court;

  (d) Has been substantially diminished in value; or,

  (e) Has been co-mingled with other property which cannot be divided without difficulty,

the United State of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in violation of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, 2461(c).

A TRUE BILL:

**REDACTED**

F( JURY

STEPHANIE A. FINLEY
United States Attorney

_____
KELLY P. UEBINGER (Bar No. 21028)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
(337) 262-6618